UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WARNER BROS. RECORDS INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and CAPITOL RECORDS, INC., a Delaware corporation,

Plaintiffs,

v.

DOES 1 - 5,

Defendants.

[redacted] 05 231S

Civil No.

1

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to Plaintiffs at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by the Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, each Defendant uses an online service provider found in this District, which facilitated Defendants' infringing activities.

## PARTIES

4. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

5. Plaintiff Maverick Recording Company is a joint venture between SR/MDM Venture Inc. and Maverick Records LLC, organized and existing under the laws of the State of California, with its principal place of business in the State of California.

6. Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

7. Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

9. Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

10. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

11. Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

12. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

13. The true names and capacities of the Defendants are unknown to Plaintiffs at this time. Each Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to that Defendant by his or her online service provider on the date and time at which the infringing activity of each Defendant was observed. See Exhibit A. Plaintiffs believe that information obtained in discovery will lead to the identification of each Defendant's true name.

**COUNT I**

**INFRINGEMENT OF COPYRIGHTS**

14. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

15. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound

recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

16. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

17. Plaintiffs are informed and believe that each Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download, distribute to the public, and/or make available for distribution to others, certain of the Copyrighted Recordings. Exhibit A identifies on a Defendant-by-Defendant basis (one Defendant per page) a list of copyrighted recordings that each Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others. In doing so, each Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed for each Defendant on Exhibit A, Plaintiffs are informed and believe that each Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others additional sound recordings owned by or exclusively licensed to the Plaintiffs or Plaintiffs' affiliate record labels.)

18. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A were accessible by each Defendant.

19. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

20. As a result of each Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against each Defendant for each infringement by the Defendant of each copyrighted recording. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

21. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiffs' copyrights, and ordering that each Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against each Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

By: ______________________________

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for WARNER BROS. RECORDS INC.; MAVERICK RECORDING CO.; ELEKTRA ENTERTAINMENT GROUP INC.; ATLANTIC RECORDING CORP.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; ARISTA RECORDS LLC; and CAPITOL RECORDS, INC.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and CAPITOL RECORDS, INC., a Delaware corporation, | Civil No. |
| Plaintiffs, | |
| v. | |
| DOES 1 - 5, | |
| Defendants. | |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiffs identify their parent corporations and any publicly held company or investment fund that owns 10% or more of any Plaintiff's stock.

Plaintiff WARNER BROS. RECORDS INC.'s parent corporation is Warner Music Group Corp., which is publicly traded in the U.S.

Plaintiff MAVERICK RECORDING COMPANY is a joint venture between SR/MDM Venture Inc., whose parent corporation is Warner Music Group Corp., which is publicly traded in the U.S., and Maverick Records LLC, which is not publicly traded.

Plaintiff ELEKTRA ENTERTAINMENT GROUP INC.'s parent corporation is Warner Music Group Corp., which is publicly traded in the U.S.

Plaintiff ATLANTIC RECORDING CORPORATIONâ€™s parent corporation is Warner Music Group Corp., which is publicly traded in the U.S.

Plaintiff UMG RECORDINGS, INC.'s parent corporation is Vivendi Universal, S.A., a publicly held French company.

Plaintiff SONY BMG MUSIC ENTERTAINMENT is a joint venture owned by USCO Holdings Inc., BeSo Holding LLC, Ariola Eurodisc, Inc., Arista Holding, Inc., and Zomba US

Holdings, Inc., none of which is publicly traded. Its ultimate parents are Bertelsmann AG and Sony Corporation, the latter of which is publicly traded in the United States.

Plaintiff BMG MUSIC is a general partnership owned by SONY BMG MUSIC ENTERTAINMENT and Ariola Eurodisc LLC, neither of which is publicly traded

Plaintiff ARISTA RECORDS LLC is a limited liability company owned by BMG Music, which is not publicly traded.

Plaintiff CAPITOL RECORDS, INC.'s parent corporation is EMI Group PLC, a company publicly traded in the U.K.

By: ______________________________

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for WARNER BROS. RECORDS INC.; MAVERICK RECORDING CO.; ELEKTRA ENTERTAINMENT GROUP INC.; ATLANTIC RECORDING CORP.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; ARISTA RECORDS LLC; and CAPITOL RECORDS, INC.