**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

WARNER BROS. RECORDS INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and CAPITOL RECORDS, INC., a Delaware corporation

Plaintiffs,

v.

DOES 1-5

Defendants.

Civil No.: CA 05-231S

**MOTION TO DISMISS**

Now comes the Plaintiff in the above-captioned matter by and through it's attorney, the undersigned James E. O'Neil, Esq., and moves, pursuant to Rule 41 (a) (1) of the Federal Rules of Civil Procedure to dismiss with prejudice Doe 5, also known as IP address 138.16.41.182 2005-04-29 18:06:12, from the above-captioned matter.

Respectfully Submitted
By the Plaintiff
By and Through It's Attorney

James E. O'Neil, #2097
The Meadows, Suite A-103
1130 Ten Rod Rd
North Kingstown, RI 02852
(401)-667-7111 -phone
(401)-667-7112- fax

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and CAPITOL RECORDS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DOES 1 - 5,<br><br>Defendants. | Civil No. 05-231S |

**PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER AND MEMORANDUM OF EXPLANATION IN SUPPORT OF NOTICE OF DISMISSAL WITH PREJUDICE**

Plaintiffs, through their undersigned counsel, hereby respond to the Court's October 13, 2005 Show Cause Order as to why this case should not be dismissed for failure to serve the complaint by September 23, 2005 (120 days after filing) pursuant to Fed. R. Civ. P. 4(m). In addition, Plaintiffs hereby also respond to the Court's request on September 21, 2005, for an explanation of Plaintiffs' request for voluntary dismissal with prejudice as to certain Doe Defendants.

At Plaintiffs' request, this Court has already dismissed with prejudice Doe Defendant Nos. 1 and 3 from this action. Based on the explanation below, Plaintiffs respectfully request that the Court also dismiss with prejudice Doe Defendant Nos. 2 and 5. Finally Plaintiffs respectfully request that the Court dismiss without prejudice the remaining defendant, Doe Defendant No. 4.

## I. RESPONSE AND EXPLANATION

Plaintiffs have diligently pursued this lawsuit from the day it was filed. On May 26, 2005, Plaintiffs filed the complaint in this action, as well as an *Ex Parte* Application for Leave to Take Immediate Discovery in this case. Plaintiffs sought to serve a subpoena on a third-party Internet Service Provider, Brown University, to determine the true identities of the Doe Defendants, who are being sued for direct copyright infringement. Plaintiffs required this discovery to identify the Doe Defendants and pursue this lawsuit to protect Plaintiffs' copyrighted works from repetitive, rampant infringement.

On June 10, 2005, this Court granted the *Ex Parte* Application. Plaintiffs served the subpoena on Brown University on July 5, 2005, seeking the names of four Doe Defendants, and Brown University responded with the names on August 10, 2005. Plaintiffs only sought four names because Doe Defendant No. 3 had already contacted Plaintiffs and agreed to settle the copyright-infringement claims against Doe Defendant No. 3 on June 1, 2005. Plaintiffs requested a dismissal with prejudice of Doe Defendant No. 3 on July 11, 2005, as specified in the settlement agreement between the parties.

With the September 23, 2005 deadline for service or dismissal of this lawsuit approaching, Plaintiffs continued to negotiate settlements with the remaining Doe Defendants.

The parties reached settlement as to Doe Defendant No. 1 on August 2, 2005, as to Doe Defendant No. 2 on August 3, 2005, and as to Doe Defendant No. 5 on August 5, 2005. As did the settlement agreement with Doe Defendant No. 3, the settlement agreements between Plaintiffs and Doe Defendant Nos. 1, 2, and 5 each specified that these Doe Defendants would be dismissed with prejudice from this action upon receipt of the signed settlement agreements and full payment of the agreed-upon settlement amounts.

Thus, as Plaintiffs received the signed agreements and payments for each Doe Defendant, they requested dismissals with prejudice of each settled Doe Defendant. Because none of these Doe Defendants had yet been served, Plaintiffs proceeded under Fed. R. Civ. P. 41(a)(1) and specified a dismissal with prejudice.

On August 23, 2005, the Court accepted Plaintiffs' request for dismissal with prejudice of Doe Defendant No. 1. But when Plaintiffs filed requests to dismiss with prejudice Doe Defendant Nos. 2 and 5 on September 21, 2005, the Court requested a memorandum to accompany the motion to dismissal with prejudice to explain why Plaintiffs were dismissing each Doe Defendant individually.

If not for the Court's request for an explanation for the dismissal of the individual Doe Defendants, Plaintiffs would have requested that the final Doe Defendant be dismissed without prejudice two days later, on September 23, 2005, when the deadline for service passed. But because the settlement agreements reached before that date between Plaintiffs and Doe Defendants Nos. 2 and 5 called for a dismissal with prejudice, Plaintiffs have delayed requesting a dismissal without prejudice of the remaining defendant, Doe Defendant No. 4.

On October 18, 2005, shortly after the Court issued the current Show Cause Order on October 13, 2005, Plaintiffs and Doe Defendant No. 4 reached a settlement agreement. This agreement does not call for a dismissal with prejudice. Instead the parties have agreed to a dismissal without prejudice. Thus, Plaintiffs have now reached settlement with each Doe Defendant originally sued in this action.

## II. CONCLUSION

Because Plaintiffs have settled with each individual Doe Defendant in this case, Plaintiffs now respectfully request that the Court dismiss the action in its entirety as follows: Doe Defendant Nos. 2 and 5 dismissed with prejudice and Doe Defendant No. 4 dismissed without prejudice.

Respectfully submitted,

Dated: 10/31/05

By: James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for WARNER BROS. RECORDS INC.; MAVERICK RECORDING CO.; ELEKTRA ENTERTAINMENT GROUP INC.; ATLANTIC RECORDING CORP.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; ARISTA RECORDS LLC; and CAPITOL RECORDS, INC.